Reed, J.
This was a suit brought to recover wages for services of appellee as a teamster. Ho question was made as to the extent of the services or the amount of compensa *424 tion due. The only question for determination was for whom the services were rendered—who owed the debt.
Appellant was superintendent of The Humboldt Mining & Milling Company, which it appears was actually engaged in mining and milling; was also superintendent-of The Cleveland Mining & Milling Company, which was not prosecuting any work. It was shown by the evidence that appellant was not engaged in any work individually; that John W. Comer was the foreman of The Humboldt Consolidated Mining & Milling Company. The team driven by appellee was not the property of the Mining & Milling Company,—■ was employed and controlled by the company previous to the employment of .appellee; that appellee was employed by Comer on the 17th day of February to work about the mine ; that he worked a day and a half. He was then told by the appellant to drive the team. He was not told, nor did he ask for whom it was to be driven. Comer was instructed to and did keep his time the same as that of any other employee. The team was used in hauling ore and wood to the mill of the company after appellant’s employment, the same as before. It • was in evidence that the company was to furnish the driver for the team, and that appellee was employed and kept the same as other employees. Appellee was not paid, and brought suit against the company and appellant. The court gave him a judgment against appellant, individually, for $102.12 and costs, amounting to $76.05.
The court erred in rendering a judgment against the appellant;—there was no evidence whatever upon which it could be predicated, and must have been the result of a misconception of the law.
It is a general rule of law, “ That when an agent is duly constituted, and names his principal and contracts in his name, the principal is responsible and not the agent.-” 2 Kent’s Com. 629-30 ; Story on Agency, § 261.
“ A person contracting as agent will only be personally liable where he makes the contract in his own name, or vol *425 untarily incurs a personal responsibility, either express or implied. 2 Kent’s Com. 630; Story on Agency, § 269.
In this case the employment was by the foreman of the company for the company, and was so known to appellee. The only act of appellant shown was the changing the character of the employment from mining to driving the team. There is no evidence of any personal responsibility having been incurred.
The judgment must he reversed and cause remanded.

Reversed.